## State Bank & Trust Co. Of Harrodsburg v. Vandyke et al.

## The Transylvania Presbytery, U. S. et al. v. State Bank & Trust Co. Of Harrodsburg et al.

October 14, 1949.

C. E. Rankin and I. C. James for appellants.

Draffen & Dean, I. C. James, C. E. Rankin and W. A. Wickliffe for appellees.

JUDGE LATIMER—Affirming.

This action was brought for a determination and declaration of the rights of the parties in the trust fund created by Sallie J. Burrus under Item 2 of her will which provides: "2nd I give and bequeath to the Harrodsburg Trust Company of Harrodsburg, Ky. in Trust for the Presbyterian Church of Salvisa, Ky. the sum of One Thousand Dollars ($1000.00). I direct that the said Trust Co. Trustee invest said sum of One Thousand Dollars in good securities and pay the net income annually to the officers of said Church."

The will was probated in the Mercer County Court March 7, 1907. The above named trustee having resigned, appellant, State Bank and Trust Company, was appointed as successor and is now the duly qualified and acting trustee of the fund.

The annual income from the trust fund was paid to the Trustees of the Presbyterian Church of Salvisa until the year 1945. It is hardly necessary to go into the history of the Salvisa Church other than to say that the church was organized prior to the year 1860. Soon thereafter a division occurred in the Presbyterian Church. The Church of Salvisa chose to cast its lot with the Southern Branch. The controlling body of each branch, namely, the Transylvania Presbytery U. S. and the Transylvania Presbytery U. S. A. were made parties defendant.

It appears that at the time of her death Sallie J. Burrus, was 80 years of age and left no children surviving her. Her brothers and sisters and their descendants

were the heirs at law and next of kin. Plaintiff below alleged that there were more than 100 heirs of Sallie J. Burrus and that they did not know and could not ascertain the names of all of them. The defendant, Hazel Van Dyke, the grandchild of a brother of Sallie J. Burrus, was named party defendant as representative of and equally interested with the heirs of Sallie J. Burrus. She was called upon to answer and assert her rights in the property, and to act for and represent all others similarly situated.

Apparently the membership of the Salvisa Church decreased to such an extent that there were left only about 10 members. Being unable to maintain its organization, the Church dissolved and became extinct in 1945. Most of its remaining members became members of the New Providence Church, situated about 4 miles south of Salvisa. The trustees of this New Providence Church were also made parties to the suit since they were claiming that the income from the trust fund passed to that church.

Transylvania Presbytery U. S. answered the petition and stated that when the Salvisa Church became dissolved the Transylvania Presbytery U. S. took possession of the physical property of the Church and thereby is entitled to the possession of the fund in the hands of the trustee or to have the trust continue and the income therefrom paid over to it or to be paid out at its direction. This contention is based on the authority of the following church rule: "If a church shall be dissolved by the Presbytery, or otherwise cease to exist, and no disposition has been made of its property, those who hold the title to the property shall deliver, convey, and transfer to the Presbytery of which the Church was a member, or to the authorized agents of the Presbytery, all property of the Church; and the receipt and acquittance of the Presbytery, or its proper representative, shall be a full and complete discharge of all liabilities of such persons holding the property of the church. The Presbytery receiving such property shall apply the same or the proceeds thereof in its discretion."

The Transylvania Presbytery U. S. A. filed answer disclaiming any interest whatsoever in the trust fund.

Hazel VanDyke, answering for herself and the kins-

men, alleged that the bequest under the will of Sallie J. Burrus failed because the Salvisa Church had become extinct and dissolved, and that the property should pass as undevised property of Sallie J. Burrus to her heirs.

The cause was submitted to the chancellor, who adjudged that the trust had failed and that the fund and the interest thereon held by the State Bank and Trust Company, reverted to the heirs at law of Sallie J. Burrus, who are now entitled to their respective shares therein.

The State Bank and Trust Company of Harrodsburg, Trustee, and the Transylvania Presbytery U. S. prosecute appeals from that judgment. They are brought here on the same record and due to our conclusion herein it will be unnecessary to write two separate opinions. Consequently, the two appeals will be captioned as if in the same action, or as though consolidated, and the matter disposed of in one opinion.

Appellants in seeking to save the trust insist that same can be done under either the application of the cy pres doctrine or pursuant to the rules of the Presbyterian Church providing that in case of dissolution property passes to the local Presbytery for administration.

Appellants cite a long line of cases to support their position that in the absence of a provision for reverter there can be no reversion of property given to a Presbyterian Church because of the rule above set out. A reading of these cases discloses that the property was either owned outright by the Church; or the fund was given directly to the trustee of the church and not to separate trustee; or the question involved the right to the property upon a division in the church. Here we have a trust fund created and placed in the hands of a separate trustee with directions to pay the income from the fund to the Salvisa Presbyterian Church. It is readily observable that the cases cited in support of this contention have no application in the instant case.

The Pennebaker cases, (Pennebaker v. Pennebaker Home for Girls) 291 Ky. 12, 163 S. W. 2d 53, 143 A. L. R. 389; 297 Ky. 670, 181 S. W. 2d 49, are cited in support of the contention that the court should see to it that a general charitable intent be carried out. A reading of the

above item of the will does not disclose intention on part of testatrix that her property be applied to a charitable intent general in its nature. On the other hand, it does show limitation to a designated particular object with no general charitable intent. Even in the Pennebaker cases, relied on by appellants, there is recognition of the fact that there must be present a general charitable intent. See also Grundy v. Neal, 147 Ky. 729, 145 S. W. 401, and 10 Am. Jur., Charities, Section 122.

It appears to us that the chancellor went directly to the crux of the matter, as evidenced by the judgment: "The court finds a specific intent on the part of said testatrix to leave the trust fund in question for the benefit of the specific purpose, to-wit, Salvisa Presbyterian Church. It appearing to the Court that from a reading of the entire will there appears no language, nor circumstances from which the Court can find a general charitable intent. It further appearing to the court, and being conceded by all the parties to this action, that the Salvisa Presbyterian Church is extinct, it is therefore the judgment of the court that the trust in question has failed, and the fund and interest thereon now held by the plaintiff, State Bank & Trust Co., reverted upon said church becoming extinct to the heirs at law of Sallie J. Burrus, and they as such are now entitled to their respective shares therein."

We think, therefore, the court properly resolved the matter.

The judgment is affirmed.